[No. C027049. Third Dist. Nov. 18, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
GREGORY ALAN BLAKE, Defendant and Appellant.

**COUNSEL**

Sharon V. Cooper, under appointment of the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Shirley A. Nelson and Rachelle A. Newcomb, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SCOTLAND, Acting P. J.**—Defendant Gregory Alan Blake was convicted of multiple offenses, including transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)) and transportation of marijuana (Health &

Saf. Code, § 11360, subd. (a)). He was sentenced to an aggregate term of six years, four months in state prison.

On appeal, defendant contends that, because he transported both drugs in his car at the same time, the trial court violated Penal Code section 654 (hereafter section 654) when it imposed sentences for both transportation convictions. We disagree.

As we shall explain, the evidence supports a reasonable inference that defendant had separate objectives in transporting the methamphetamine and marijuana in that he intended to sell them to different customers. Therefore, section 654 does not preclude conviction and imposition of sentence for both transportation offenses. Accordingly, we shall affirm the judgment.

## DISCUSSION

During a search of defendant's car, an officer found numerous items of contraband and evidence indicating defendant was involved in the sale of illicit drugs. Among the things seized were a jar containing methamphetamine, which was found in the left fender well of the car, and a "PVC" pipe containing marijuana, which was in a separate hidden compartment in the vehicle.

At the time of sentencing in this case, section 654 provided in pertinent part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one[.]" (Stats. 1977, ch. 165, § 11, p. 644.)

Citing *In re Adams* (1975) 14 Cal.3d 629 [122 Cal.Rptr. 73, 536 P.2d 473], defendant claims section 654 precluded "active sentences on both transportation charges[.]" However, *In re Adams* is readily distinguishable.

Adams was observed to drive into a parking lot and transfer an attaché case and numerous plastic bags (later determined to contain benzedrine, Seconal, marijuana, heroin and pantopon) into a codefendant's car. The drugs were seized soon thereafter when the codefendant completed a prearranged sale of benzedrine to an undercover officer. (*In re Adams, supra,* 14 Cal.3d at p. 632.) Adams was convicted of selling benzedrine and five counts of transporting controlled substances (one count for each of the five

different drugs he transferred to the codefendant's car), and sentence was imposed for each count. (*Ibid.*) In a habeas corpus proceeding, he argued that "section 654 invalidates his conviction for five separate counts of transporting drugs, since the act of transportation constituted a single course of conduct accompanied by a single intent and objective." (*Id.*, at p. 633.) The Supreme Court agreed. Noting Adams transported all the drugs to one person, his codefendant, the court held that, where "different kinds of drugs are simultaneously transported in one, indivisible transaction, with the single intent and objective of delivering them to another person, only one act of illegal transportation occurs." (*Id.*, at p. 632.)

In contrast, nothing in this case indicates defendant transported the methamphetamine and marijuana with the intent to deliver them to one person. To the contrary, the record supports an inference that defendant intended multiple sales to different customers: (1) the marijuana and methamphetamine were stored in separate containers in different concealed compartments of the car; (2) the marijuana was packaged in a manner consistent with multiple, individual sales; (3) the amounts of marijuana and methamphetamine were consistent with delivery to more than one individual; (4) the difference between the drugs suggests they were "directed at different buyers" (*People v. Menius* (1994) 25 Cal.App.4th 1290, 1297 [31 Cal.Rptr.2d 15]); and (5) the presence of a "pay-owe" sheet with multiple entries, a police scanner, baby wipes, and a scale indicates defendant was engaged in an elaborate drug trafficking operation involving multiple sales to different individuals, rather than one single delivery.[1]

Where a defendant entertains multiple criminal objectives independent of and not merely incidental to each other, he may be punished for more than one crime even though the violations share common acts or are parts of an otherwise indivisible course of conduct. (*People v. Beamon* (1973) 8 Cal.3d 625, 639 [105 Cal.Rptr. 681, 504 P.2d 905].) A trial court's implied finding that a defendant harbored a separate intent and objective for each offense will be upheld on appeal if it is supported by substantial evidence. (*People v. Green* (1988) 200 Cal.App.3d 538, 543-544 [246 Cal.Rptr. 164].)

Because the evidence highlighted above supports a finding that defendant had separate objectives in transporting the methamphetamine and marijuana, he properly was convicted of both offenses, and the trial court correctly imposed sentences for both transportation convictions.

---

[1] An expert testified that the strong odor of baby wipes disguises the odor of controlled substances and prevents detection by agents or inspection canines.

## DISPOSITION

The judgment is affirmed.

Nicholson, J., and Hull, J., concurred.