Filed 9/23/13  P. v. Finch CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CHANE C. FINCH,<br><br>        Defendant and Appellant. | C071606<br><br>(Super. Ct. No. 11F5308)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING; NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on August 22, 2013, be modified as follows:

On pages 7 and 8, delete the paragraph beginning with "Here, we conclude" and substitute in its place the following paragraph:

Here, we conclude the assault with a firearm was incidental to the burglary.  There was evidence that High was attacked or threatened with a firearm three different times:

1

when the offender with a rifle struck High in the face with the rifle butt in the initial confrontation, when the offender with a rifle threatened to shoot High during High's first attempted resistance, and when the offender with a pistol shot at High during the chase. There was also evidence that defendant was the man with the pistol. The jury found, however, that defendant was *armed* with a firearm but did not *personally use* a firearm. Thus, the assault with a firearm conviction on count 3 was not based on shooting the pistol at High. Rather, early in the attack, an offender struck High in the face with a rifle and threatened to shoot him in an effort to control High as part of the plan to steal marijuana. Because the assault with a firearm was intended to facilitate the general plan of the burglary, we will stay the sentence for assault with a firearm (count 3) pursuant to section 654.

The modification does not affect the judgment.


BY THE COURT:


          NICHOLSON          , Acting P. J.


          MAURO          , J.


          DUARTE          , J.

Filed 8/22/13  P. v. Finch CA3 (unmodified opn.)

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C071606 |
| v. | (Super. Ct. No. 11F5308) |
| CHANE C. FINCH, | |
| Defendant and Appellant. | |

A jury convicted defendant Chane C. Finch of attempted first degree robbery in concert, first degree burglary, three counts of assault with a firearm, two counts of assault with a deadly weapon, two counts of false imprisonment by violence, battery causing great bodily injury, and attempted false imprisonment by violence.  The jury also found true certain firearm enhancements.  The trial court sentenced defendant to 13 years eight months in state prison.

1

Defendant now contends the trial court should have stayed sentence, pursuant to Penal Code section 654, on certain convictions for false imprisonment, attempted false imprisonment and assault.

We agree the trial court should have stayed sentence on the convictions for false imprisonment, attempted false imprisonment, and one of the assaults. We will modify the judgment and affirm the judgment as modified. We will also direct the trial court to amend and correct the abstract of judgment.

BACKGROUND

Lucas Simpson informed Michael Houchins that he had been disguising himself as a law enforcement officer to steal drugs. Michael Johnson was also present when Simpson made the disclosure. Simpson asked Houchins to inform him of easy targets.

Houchins subsequently saw 30 pounds of processed marijuana on the living room floor of Michael High's home. High had a medical recommendation for marijuana and lived alone in a secluded residence in Shasta Lake City.

Houchins suggested to Simpson that High would be a good target. Simpson agreed and said Johnson would join them. Houchins also told defendant about the plan to steal High's marijuana, and defendant agreed to participate.

Houchins, Simpson, Johnson and defendant met at defendant's house to plan the offense. They decided Houchins would go to High's house first. Once inside, Houchins would inform Simpson by cell phone whether it was a good time to conduct the crime.

Simpson and Johnson dressed in camouflage clothing and handkerchief masks. Simpson had a Mini-14 rifle. Defendant wore dark clothing and an "attack vest" and armed himself with a Glock-19 pistol.

Defendant and his wife drove in one car, Simpson and Johnson in another, and Houchins in a third. Houchins drove ahead of the others and parked in the driveway of High's home. Houchins went inside, played video games with High and then texted

2

Simpson to start the crime. Two of High's friends, Isabella Vasquez and Amanda Baxter, were also at High's home that evening.

High and Baxter both had dogs present, and when the dogs began barking Vasquez and High went to investigate. They saw three men in dark "tactical" clothing, wearing masks or handkerchiefs and carrying flashlights. Someone struck High in the face with the butt of a rifle or shotgun, and the offenders beat High after he fell to the ground. High heard someone repeat the word "search warrant." He also heard someone say, "Do something about this dog or I'll fucking shoot it." Vasquez grabbed the dog and held on to it.

The man with the rifle ordered Baxter to the ground. Baxter tried to run but something hit her hard on the head and she fell to the ground next to Vasquez.

High did not believe the offenders were law enforcement officers. He stood up and struck the one closest to him. As High wrestled the offender to the ground, the one with the rifle said, "Let him go, or I'm going to fucking shoot you." When High noticed that the offender he was fighting had a sheathed knife, High kicked at him to get some room between them. All three of the offenders then "pummeled" High and forced him to the ground. One offender dragged High to Vasquez and Baxter in front of his house, where the offenders continued to beat High "for what seemed like minutes."

An offender put a zip tie around High's left wrist. High broke free and chased one of them. As High closed in, the offender said "You're going to get fucking shot," and fired a gun two times. Neither shot hit High. High tackled the offender and kicked him twice in the face. Hearing footsteps, High grabbed the offender by the throat and used him as a shield. Another offender struck High in the back of the head and shoulder with a two-by-four or four-by-four. High released the offender he was holding, wrested control of the board and raised it over his head. The offender who attacked him with the board ran down the driveway.

3

High returned to his house and saw the third offender running down the driveway. High tried to follow but realized he was bleeding. He had a knife wound that resulted in a collapsed lung, bleeding in the abdomen and an injured spleen. Vasquez and Baxter took High inside and called the police.

A jury convicted defendant of attempted first degree robbery in concert (Pen. Code, §§ 211/664, 213, subd. (a)(1)(A) -- count 1 [victim High]);[1] first degree burglary (§ 459 -- count 2 [victim High]); three counts of assault with a firearm (§ 245, subd. (a)(2) -- count 3 [victim High], count 5 [victim Baxter] and count 10 [victim Vasquez]); two counts of assault with a deadly weapon (§ 245, subd. (a)(1) -- count 4 [victim High with a knife] and count 9 [victim High with a wooden board]); two counts of false imprisonment by violence (§ 236 -- count 6 [victim Baxter] and count 7 [victim Vasquez]); battery causing great bodily injury (§ 243, subd. (d) -- count 8 [victim High]); and attempted false imprisonment by violence (§§ 237/664 -- count 11 [victim High]). The jury also found true certain firearm enhancement allegations (§ 12022, subd. (a)(1)).

Pursuant to section 654, the trial court stayed sentence on count 1 (the attempted robbery of High) and count 8 (the battery causing serious bodily injury against High), and imposed consecutive terms on the other counts, sentencing defendant to an aggregate of 13 years eight months in state prison.

DISCUSSION

Defendant contends the trial court should have stayed sentence, pursuant to Penal Code section 654, on the convictions for false imprisonment of Baxter and Vasquez (counts 6 and 7), attempted false imprisonment of High (count 11), and assault on High (counts 3 [firearm], 4 [knife] and 9 [board]).

---

[1] Undesignated statutory references are to the Penal Code.

Specifically, he claims (A) the assault and false imprisonment offenses committed against Vasquez were part of an indivisible course of conduct, and hence the trial court should have stayed sentence on the conviction for false imprisonment because it carried a lesser punishment; (B) the same is true for the assault and false imprisonment offenses committed against Baxter; and (C) the assault and attempted false imprisonment offenses committed against High were incidental to the burglary and should also have been stayed.

In relevant part, section 654 provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).)

"[I]t is well settled that section 654 applies not only where there was but one act in the ordinary sense, but also where there was a course of conduct which violated more than one statute but nevertheless constituted an indivisible transaction. [Citation.] Whether a course of conduct is indivisible depends upon the intent and objective of the actor. [Citation.] If all the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one. [Citation.]" (*People v. Perez* (1979) 23 Cal.3d 545, 551.) "It is defendant's intent and objective, not the temporal proximity of his offenses, which determine whether the transaction is indivisible. [Citations.]" (*People v. Harrison* (1989) 48 Cal.3d 321, 335.) "A trial court's implied finding that a defendant harbored a separate intent and objective for each offense will be upheld on appeal if it is supported by substantial evidence. [Citation.]" (*People v. Blake* (1998) 68 Cal.App.4th 509, 512.)

A

Defendant argues the assault and false imprisonment offenses committed against Vasquez were part of an indivisible course of conduct, and hence the trial court should have stayed sentence on the conviction for false imprisonment because it carried a lesser punishment.

5

Vasquez was outside with High when they first saw the offenders. The offenders claimed to be police and ordered them to the ground. An offender threatened to shoot Baxter's dog and Vasquez restrained it. When the offender with the rifle went into the house and returned outside with Baxter, Vasquez and Baxter apparently remained with the offender until he ran away.

The assault with a firearm committed against Vasquez was the means used to control Vasquez and falsely imprison her. The Attorney General argues there were two different points where the rifleman controlled her, with two different purported objectives: (1) when the rifleman initially ordered her to the ground, the objective was to promote the theft of marijuana; and (2) when the rifleman held Vasquez next to Baxter after Vasquez had restrained the dog, the objective was to prevent Vasquez from going to the aid of High. But we conclude the assault and false imprisonment offenses had the same objective, to control the victim in an effort to steal marijuana.

Accordingly, the sentence on the offense with the lesser penalty must be stayed. (*People v. Landis* (1996) 51 Cal.App.4th 1247, 1255.) False imprisonment by violence is punishable by a county jail term of 16 months or two or three years (§§ 18, subd. (a), 237, subd. (a), 1170, subd. (h)), while assault with a firearm is punishable by a state prison term of two, three or four years (§ 245, subd. (a)(2)). We will stay the sentence for false imprisonment of Vasquez (count 7) pursuant to section 654.

B

Defendant makes the same argument regarding the assault and false imprisonment offenses against Baxter: that those offenses were part of an indivisible course of conduct, and hence the trial court should have stayed sentence on the conviction for false imprisonment because it carried a lesser punishment.

When the offender with the rifle left Vasquez and went inside the house, he ordered Baxter to the ground. She ran outside, but an offender struck her in the head and she fell next to Vasquez. She apparently remained with the rifleman until he ran away.

6

The assault and false imprisonment of Baxter had the same objective, to control the victim in an effort to steal marijuana. We will stay the sentence for false imprisonment of Baxter (count 6) pursuant to section 654.

C

Defendant further contends the trial court should have stayed sentence, pursuant to section 654, on the convictions for assault against High (counts 3, 4, and 9) and attempted false imprisonment of High (count 11), because those offenses were incidental to the burglary (count 2).

Regarding the attempted false imprisonment conviction, the offenders attempted to falsely imprison High in an effort to burglarize his home. Thus, the attempted false imprisonment was incidental to the burglary. Because attempted false imprisonment is punished less severely than first degree burglary (§§ 664, subd. (a), 237, 461, subd. (a)), we will stay the sentence for attempted false imprisonment (count 11) pursuant to section 654.

Turning to the assault convictions, defendant was convicted for assault with a firearm (count 3), assault with a deadly weapon (a knife, count 4), and assault with a deadly weapon (a wooden board, count 9).

In determining whether multiple crimes are part of a single purpose or plan, "the courts analyze the evidence to determine whether all the offenses committed were part of the defendant's original plan or some were an afterthought or acts committed in response to unforeseen developments." (*People v. Vidaurri* (1980) 103 Cal.App.3d 450, 465 (*Vidaurri*).) For example, section 654 did not prevent separate punishments for burglary and assault when the defendant in *Vidaurri* shoplifted some items from a store then swung a knife at a security guard who confronted him in the parking lot. (*Id.* at pp. 455, 465-466.)

Here, we conclude the assault with a firearm was incidental to the burglary. Early in the attack, an offender struck High in the face with a rifle and threatened to shoot him

7

in an effort to control High as part of the plan to steal marijuana. Because the assault was intended to facilitate the general plan of the burglary, we will stay the sentence for assault with a firearm (count 3) pursuant to section 654.

But there is evidence that the assault with a knife (count 4), and the assault with a wooden board (count 9), were not part of the original plan to steal marijuana but instead were in response to an unforeseen development: High's surprising and tenacious resistance to the offenders.

High's resistance to control by the offenders resulted in a prolonged pummeling, during which the trial court could reasonably conclude that High was stabbed.[2] And his subsequent resistance led to an offender striking him with the wooden board. As in *Vidaurri*, the trial court could impose separate punishments for the burglary and the assaults committed in response to unforeseen resistance.

### D

The trial court imposed a consecutive one-year term on count 3, consecutive eight-month terms on counts 6 and 7, and a consecutive four-month term on count 11. Staying sentence on those four counts reduces the total sentence from 13 years eight months to 11 years. We will modify the sentence accordingly.

We have also found two errors in the abstract of judgment which require correction. The abstract of judgment incorrectly indicates section 644 next to count 1's section number. The correct section number is 664. In addition, the crime description for count 1 should be first degree attempted residential robbery, not burglary.

---

[2] The trial court could reasonably conclude that High was not stabbed during his initial fight with defendant, because at that point High made room between himself and defendant after noticing defendant's sheathed knife. The trial court could also conclude that defendant did not stab High when he shot his pistol at High before High wrestled him to the ground. Instead, the trial court could reasonably conclude that High was stabbed when all three offenders "pummeled" him after he kicked away from defendant.

DISPOSITION

The judgment is modified to stay the sentences on counts 3, 6, 7 and 11, resulting in an aggregate sentence of 11 years in state prison. The judgment is affirmed as modified. The trial court is directed to amend the abstract of judgment to reflect this modification, and to correct the abstract of judgment to reflect section 664 next to count 1's section number, and to describe the crime on count 1 as first degree attempted residential robbery. The trial court is further directed to send a certified copy of the amended and corrected abstract of judgment to the Department of Corrections and Rehabilitation.


        MAURO        , J.


We concur:


        NICHOLSON        , Acting P. J.


        DUARTE        , J.