Filed 5/13/14  P. v. Quair CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>RICHARD SAMMY QUAIR,<br><br>        Defendant and Appellant. | C070498<br><br>(Super. Ct. No. CM034611) |

After the charges against him were reduced to misdemeanors, defendant Richard Sammy Quair pleaded no contest to willful infliction of corporal injury on a spouse, attempting to dissuade a witness, false imprisonment, and making criminal threats.  The trial court suspended imposition of sentence and placed defendant on probation for four years.  Two months later, however, defendant violated the terms of his probation.  The trial court revoked probation and sentenced defendant to four consecutive one-year terms in county jail.

1

Defendant now contends the sentences for two of the four counts must be stayed pursuant to Penal Code section 654, which prohibits double punishment for violations based on the same act or omission.[1]

As we will explain, to permit multiple punishments, there must be substantial evidence to support a finding that defendant had a separate objective for each offense. But in this case there was no specification of the stipulated factual basis for the plea, no probation report, and no preliminary hearing, trial or other evidentiary hearing. On this limited record we cannot discern upon what the trial court relied to determine that section 654 did not apply, and hence we cannot conclude that substantial evidence supports the trial court's section 654 sentencing choices. Similarly, although defendant asks us to stay the sentence on two counts, we cannot determine on this limited record whether any of the counts are based on the same act or an indivisible course of conduct. Accordingly, we will reverse the sentences, remand for resentencing, and affirm the judgment in all other respects.

BACKGROUND

As defendant points out, the record on appeal contains no evidentiary facts regarding the underlying offenses other than the allegations in the complaint. The People charged defendant with four felony counts based on acts committed against his wife on or about May 21, 2011: willful infliction of corporal injury on a spouse, resulting in a traumatic condition (§ 273.5, subd. (a) -- count 1), attempting to prevent or dissuade a victim or witness from causing or seeking the arrest of any person in connection with that victimization (§ 136.1, subd. (b)(3) -- count 2), false imprisonment (§ 236 -- count 3), and criminal threats (§ 422 -- count 4). The People also alleged that defendant was eligible for enhanced punishment because he served four prior prison terms, and that he did not

---

[1] Undesignated statutory references are to the Penal Code.

remain free of prison custody and committed an offense resulting in a felony conviction during a period of five years after the conclusion of a prison term. (§ 667.5, subd. (b).)

Defendant waived his right to a preliminary hearing and an arraignment. He entered a plea of no contest after all the charges were reduced to misdemeanors and the People dismissed the prior prison term allegations. Counsel stipulated to a factual basis supporting the no contest plea, but there is no specification of the factual basis for the plea in the minute order or at the hearing.

The trial court accepted defendant's plea, suspended imposition of sentence and placed him on probation for four years with various terms and conditions, including that defendant serve one year in jail, complete a one year residential substance abuse program called Jericho Project, not use alcohol and stay away from his wife. (§ 1203.097, subd. (a)(2).) The trial court did not consider a probation report in sentencing defendant.

About two months after defendant was placed on probation, the Butte County Probation Department filed a petition alleging that he violated the terms of his probation. The probation department alleged defendant terminated his participation in the Jericho Project Residential Treatment program without permission, violated the domestic violence restraining order, and tested positive for alcohol. Defendant admitted he tested positive for alcohol. The People dismissed the other allegations in the petition.

The trial court revoked defendant's probation. The probation department recommended a "terminal sentence" of one year for each count.

Defense counsel asked that count 2 (dissuading a witness) and count 4 (criminal threats) be "run together" pursuant to section 654 because those counts were based on "similar facts" which occurred on the same date, at the same time and to the same victim, and were contained in the same police report. Defense counsel said "all of these offenses occurred on the same date in conjunction with one another. There was no separation or leaving."

The prosecutor countered that section 654 did not apply. He said there were "adequate threats to separately cover both counts. It was an ongoing, semi-ongoing incident, but the victim was restrained, gagged, and bound for a substantial time, and there were lots of assaults and threats to substantiate each of the charges separately." The prosecutor requested the maximum sentence because defendant had four prior felony and 12 prior misdemeanor convictions, served prior prison terms, violated probation three times, violated parole 10 times, had committed violent acts, was already given a chance when the felony counts were reduced to misdemeanor counts, and was facing a new charge involving the violation of a domestic violence protective order.

Without taking any evidence or ordering a probation report, the trial court sentenced defendant to one year in county jail on each of the four misdemeanor counts, with each term to be served consecutively. The trial court concluded section 654 did not require concurrent sentencing. It said the counts were not duplicative. The trial court did not state upon what information or evidence it relied to reach its section 654 sentencing choice.

DISCUSSION

Defendant contends the sentences for count 1 (infliction of corporal injury on a spouse) or count 3 (false imprisonment) and count 2 (dissuading a witness) or count 4 (criminal threats) must be stayed because those two pairs of counts are based on an indivisible course of conduct.

Section 654, subdivision (a) provides that "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." "The purpose of section 654 is to ensure that a defendant's punishment is commensurate with his culpability and that he is not punished more than once for what is essentially one criminal act." (*People v. Kwok* (1998) 63 Cal.App.4th 1236, 1252.) A trial court's failure to stay the execution of a

4

sentence under section 654 may be raised on appeal even in the absence of an objection in the trial court because such sentence is unauthorized. (*People v. Scott* (1994) 9 Cal.4th 331, 354, fn. 17.)

The section 654 prohibition against double punishment applies to a single act or to a course of conduct which constitutes an indivisible transaction. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1207-1209, 1216; *People v. Perez* (1979) 23 Cal.3d 545, 551 (*Perez*).) "Whether a course of conduct is indivisible depends upon the intent and objective of the actor. [Citation.] If all the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one. [Citation.]" (*Perez, supra,* 23 Cal.3d at p. 551.) "On the other hand, if the evidence discloses that a defendant entertained multiple criminal objectives which were independent of and not merely incidental to each other, he may be punished for the independent violations committed in pursuit of each objective even though the violations were parts of an otherwise indivisible course of conduct." (*Ibid,* fn. omitted.) In addition, if a defendant commits separate and distinct acts with the same objective and the acts were not incidental to another offense or the means by which another offense was accomplished, section 654 does not preclude separate punishment for the acts. *(People v. Harrison* (1989) 48 Cal.3d 321, 325-326, 335-338; *Perez, supra*, 23 Cal.3d at pp. 551-554; *People v. Kwok, supra*, 63 Cal.App.4th at pp. 1252-1257.)

The defendant's intent and objective are factual questions for the trial court. (*People v. Coleman* (1989) 48 Cal.3d 112, 162.) We review the trial court's factual findings in imposing multiple punishment for substantial evidence, that is, evidence which is reasonable, credible, and of solid value. (*People v. Johnson* (1980) 26 Cal.3d 557, 578 [defining substantial evidence]; *People v. Blake* (1998) 68 Cal.App.4th 509, 512.) We view the record in the light most favorable to the trial court's findings and presume the existence of every fact the trial court could reasonably deduce from the evidence. (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)

5

When, as here, the imposition of sentence was suspended at the time the defendant was placed on probation, the trial court must decide the sentence to be imposed when it revokes probation.  (§ 1203.2, subd. (c).)  The trial court is not required to obtain a probation report before sentencing a person convicted of a misdemeanor.  (§§ 1203.2, subd. (b), 1203b.)  If the trial court does not request a probation report before sentencing a misdemeanant, it may consider any information concerning the defendant that could have been included in a probation report in sentencing the defendant.  (§ 1203, subd. (d).)  The trial court has " 'wide discretion in the sources and types of evidence used to assist [it] in determining the kind and extent of punishment to be imposed within limits fixed by law.' "  (*People v. Peterson* (1973) 9 Cal.3d 717, 725.)  Additionally, in misdemeanor cases the trial court need not state its reasons for imposing a consecutive sentence on the record.  (*People v. Fugate* (1990) 219 Cal.App.3d 1408, 1412-1413.)

Nonetheless, to permit multiple punishments, there must be substantial evidence to support a finding the defendant formed a separate intent and objective for each offense for which he was sentenced.  (*People v. Coleman, supra,* 48 Cal.3d at p. 162; *People v. Blake, supra,* 68 Cal.App.4th at p. 512; *People v. Roberson* (1988) 198 Cal.App.3d 860, 871 [there must be "concrete basis in the record" supporting section 654 sentencing choice].)  And a sentencing decision should be based on accurate information.  (*People v. Peterson, supra,* 9 Cal.3d at p. 727 [a " 'rational penal system must have some concern for the probable accuracy of the informational inputs in the sentencing process' "]; *People v. Moore* (1986) 185 Cal.App.3d 1005, 1018 [sentencing court may rely on information so long as it is accurate and reliable]; *People v. Lutz* (1980) 109 Cal.App.3d 489, 497 [probation report tendered to the court for sentencing purposes should contain accurate and reliable information].)

Here, we cannot discern from our review of the limited record upon what the trial court relied to make its section 654 decision.  The Attorney General complains that the record on appeal does not contain a probation report or a preliminary hearing.  But it

6

appears no preliminary hearing was held, and the trial court did not order or consider a pre-sentence or probation report. There was also no trial or evidentiary hearing from which the trial court could have determined whether defendant's acts were separate or divisible. (Contrast *People v. McCoy* (2012) 208 Cal.App.4th 1333, 1340 [trial court may base its section 654 decision on any fact in evidence at the trial]; *People v. Ross* (1988) 201 Cal.App.3d 1232, 1240-1241 [the trial court had the benefit of a preliminary examination and a postplea evidentiary hearing on section 654 issues]; *People v. Rosenberg* (1963) 212 Cal.App.2d 773, 777 [discussing facts gleaned from the probation report and concluding that section 654 precluded punishment for grand theft and forgery].)

The only document in the record which contains a recitation of facts is defendant's motion in limine.[2] But nothing in the record indicates that the parties stipulated to those recited facts or that the trial court relied on such facts. The parties dispute the facts on appeal. On such a record, we cannot conclude that substantial evidence supports the trial court's section 654 sentencing choice.

---

[2] Defendant's in limine motion contains the following unverified recitation of facts. Defendant's wife went to the Paradise Police Department at 2:45 p.m. on May 21, 2011, to report that she had been a victim of domestic violence by defendant. She told police that at about 8:00 p.m. the prior day, defendant repeatedly physically assaulted her over a three-hour period. She said defendant punched and kicked her in the torso, chest and back with a closed fist. She said defendant also threatened her with further violence. Defendant's wife was able to go to bed at about 11:00 p.m., and she left the house at 8:30 a.m. the following morning. When she returned home "the verbal altercation continued" and defendant locked her inside the house. Defendant's wife said she eventually escaped and went to the police department. Police contacted defendant outside a local bank at about 5:30 p.m. Defendant was very intoxicated. According to defendant, his wife's injuries were not consistent with the level of violence she reported to police, and his wife later admitted lying to police because she was afraid defendant would hurt himself or another person as a result of his drinking and she wanted the police to take defendant to a sober environment.

7

Defendant asks us to modify the sentence to stay two counts. However, we cannot determine whether any of the counts are based on the same act or an indivisible course of conduct.

We will reverse the sentences and remand for resentencing. On remand the trial court may rely on any information concerning defendant that could have been included in a probation report in sentencing defendant, and/or it may conduct a postplea evidentiary hearing. (§ 1203, subd. (d); *People v. Ross, supra,* 201 Cal.App.3d at pp. 1240-1241.)

DISPOSITION

The sentences are reversed and the matter is remanded to the trial court for resentencing. The judgment is affirmed in all other respects.

MAURO , J.

We concur:

RAYE , P. J.

HULL , J.

8