Filed 9/22/15  P. v. Pinkham CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>BRADFORD ADAM PINKHAM,<br><br>　　　　Defendant and Appellant. | B257834<br><br>(Los Angeles County<br>　Super. Ct. No. NA094761) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Tomson T. Ong, Judge.  Affirmed in part, reversed part and remanded for resentencing.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General and Lance E. Winters, Assistant Attorney General, Mary Sanchez and Andrew S. Pruitt, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Bradford Adam Pinkham was charged by the First Amended Information with six counts[1] consisting of various drugs and firearm-related offenses. The People also alleged Pinkham was eligible for sentencing under California's Three Strikes law (armed with a firearm pursuant to Penal Code section 667, subdivision (e)(2)(C)(iii)). He was ultimately sentenced to two consecutive life sentences under the Three Strikes law. Pinkham does not challenge the imposition of the indeterminate terms. Instead, he contends the trial court erred by failing to stay two of the non-life sentences pursuant to Penal Code section 654;[2] possession of a firearm by a felon (count 4) and possession of ammunition (count 5). Respondent concedes the possession of a firearm by a felon should have been stayed but not the possession of ammunition. We agree with respondent the trial court properly imposed the sentence for the possession of ammunition conviction. We therefore reverse only as to the sentence imposed for the possession of a firearm by a felon and remand for a new sentencing hearing.

---

[1] Pinkham was charged in the First Amended Information as follows: Count 1 - Health & Safety Code section 11379, subdivision (a) [Transportation of Methamphetamine], Count 2 - Health & Safety Code section 11378 [Possession of Methamphetamine], Count 3 - Health & Safety Code section 11350, subdivision (a) [Possession of Heroin], Count 4 - Penal Code section 29800, subdivision (a)(1) [Possession of a Firearm by a Felon with Two Priors], Count 5 - Penal Code section 30305, subdivision (a)(1) [Possession of Ammunition], and Count 6 - Health & Safety Code section 11370.1, subdivision (a) [Possession of a Controlled Substance with Firearm]. Pinkham was also charged with several special allegations: Penal Code section 12022, subdivision (c) [count 1]; two prior convictions under the Three Strikes law pursuant to Penal Code section 667, subdivision (d) on all counts; and two prior conviction under Health & Safety Code, section 11370.2, subdivision (c).

[2] All future undesignated statutory references are to the Penal Code.

2

**FACTS AND PROCEDURAL HISTORY**

On the morning of February 11, 2013, Long Beach police officers pulled over a pick-up truck driven by Pinkham.[3] The officers searched Pinkham and found a .45 caliber semiautomatic handgun in his waistband. The gun was loaded with a fully loaded magazine containing seven bullets with one round in the chamber. Inside the vehicle, the officers found a second fully loaded seven-round magazine that fit Pinkham's handgun in a briefcase. Additionally, the officers found a hidden pouch that contained multiple illegal drugs and drug paraphernalia: more than 24 grams of methamphetamine, approximately 5 grams of heroin, 11 unused syringes, and a spoon encrusted with heroin residue.

Pinkham was charged with six counts: (1) transporting methamphetamine; (2) possession for sale of methamphetamine; (3) possession of heroin; (4) possession of a firearm by a felon; (5) unlawful possession of ammunition; and (6) possession of heroin while armed with a firearm. As for count 1, Pinkham was also charged with being armed with a firearm. In addition, Pinkham was also charged with several prior conviction enhancements: (1) Three Strikes law alleging two prior federal bank robbery convictions, and (2) two prior convictions for drug sales offenses.

Count 2 was dismissed before trial. On May 30, 2014, the jury convicted Pinkham of the five remaining counts. On July 23, 2014, the trial court applied the two strike priors and imposed consecutive life terms totaling years to life (counts 1 and 6). The trial court also imposed a consecutive determinate term of 13 years, 4 months consisting of a principal term of 6 years on count 4 (high term of 3 years doubled by applying the strike prior), a subordinate term of 16 months on count 5 (one third the middle term of 8 months doubled by applying the strike prior), and an additional 6 years on the two prior convictions for drug sales offenses (3 years each for Health & Saf. Code, § 11370.2,

---

[3] Although the jury was not told the reason for the traffic stop, the record includes a police report stating that Pinkham was pulled over for driving at 85 miles per hour on Pacific Coast Highway.

subdivision (c) priors).  Finally, on count 3, the trial court stayed the sentence pursuant to section 654 without stating the term imposed.

Pinkham contends the trial court erred by not staying both sentences imposed on counts 4 and 5 pursuant to section 654.  He also contends that the trial court's oral pronouncement of judgment must be corrected because the trial court mistakenly described the sentence as 123 years, plus 50 to life.

**DISCUSSION**

1.      *Penal Code Section 654*

Section 654 provides, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one[.]"  Thus, when a single act is charged as the basis for multiple convictions, the defendant can be punished only once.  (*People v. Latimer* (1993) 5 Cal.4th 1203, 1207-1208.)

Although section 654 prohibits multiple punishments for crimes arising from a single act or indivisible course of conduct (*People v. Britt* (2004) 32 Cal.4th 944, 951-952), where a defendant entertains multiple criminal objectives independent of and not merely incidental to each other, he may be punished for more than one crime even though the violations share common acts or are parts of an otherwise indivisible course of conduct.  (*People v. Blake* (1998) 68 Cal.App.4th 509, 512.)

A defendant's intent or objective is determined from all the circumstances of the case, and a trial court's implied findings that a defendant harbored a separate intent and objective for each offense will be upheld on appeal if they are supported by substantial evidence.  (*People v. Blake, supra,* 68 Cal.App.4th at p. 512; *People v. Porter* (1987) 194 Cal.App.3d 34, 38.)

4

2. *A Consecutive Sentence for Ammunition Possession Was Proper*

Pinkham was prohibited from possessing ammunition because of his prior felony convictions. (§ 30305, subd. (a)(1).) Relying on *People v. Lopez* (2004) 119 Cal.App.4th 132 (*Lopez*), Pinkham argues the ammunition in the loaded firearm and the additional ammunition kept in a separate loaded magazine were incidental to one objective - to possess a loaded firearm.

*Lopez* is distinguishable. There, the officers arrested the defendant for resisting arrest and found a loaded handgun in his pants pocket. He was charged, *inter alia*, with possession of a firearm by a felon (§ 12021, subd. (e)) and illegal possession of ammunition (§ 12316, subd. (b)(1)). He was also charged with a strike prior. At sentencing, the defendant was sentenced to six years in state prison for unlawful possession of a firearm. The trial court also imposed a concurrent six-year term for unlawful possession of ammunition.

The *Lopez* court held the sentence for unlawful possession of ammunition *loaded in the gun* should have been stayed because the defendant had only one intent: to possess a loaded firearm. (*Lopez, supra,* 119 Cal.App.4th at p. 138.)

In reaching this conclusion, the *Lopez* court focused on the legislative objectives behind the laws that barred felons from possessing guns or ammunition. "While possession of an unloaded firearm alone can aid a person committing another crime, possession of ammunition alone will not. The former may be used as a club and a victim may be fearful that the firearm is loaded. While the latter may be thrown at a victim, it is extremely unlikely that possession of bullets alone would scare anyone but the most timid. In combination, however, the mixture is lethal and that is why criminals have a penchant for loaded firearms. [¶] The Legislature has wisely declared that specified people should not possess firearms and/or ammunition. The obvious legislative intent is to prohibit these persons from combining firearms with ammunition. Appellant's obvious intent was to possess a loaded firearm." (*Lopez, supra,* 119 Cal.App.4th at p. 138.)

5

*Lopez* reasoned permitting multiple punishment for unlawful possession of ammunition loaded into a firearm would "parse the objectives too finely[.]" (*Lopez, supra,* 119 Cal.App.4th at p. 138.) It also explained, *"there may be instances when multiple punishment is lawful for possession of a firearm and ammunition, . . .* [but when] all of the ammunition is loaded into the firearm, an 'indivisible course of conduct' is present and section 654 precludes multiple punishment." (*Ibid.,* italics added.)

While a consecutive sentence cannot be based on the ammunition loaded in Pinkham's gun, *Lopez* does not extend to the ammunition found in his briefcase.

Unlike the defendant in *Lopez*, Pinkham did not have all of his ammunition loaded into his gun. Instead, he separately possessed an extra ammunition magazine capable of re-loading the gun. This shows a secondary intent - a choice to possess more ammunition for use on a separate occasion. Furthermore, Pinkham's extensive criminal history reveals he is no stranger to criminality: he has previously committed two bank robberies, two sales of controlled substances, a burglary, and making unlawful threats. Unlike the defendant in *Lopez* who had a single intent to carry a loaded firearm, the trial court reasonably could have found Pinkham possessed the additional, unloaded ammunition for a separate intent: to re-load for future additional criminality. This implied finding supported the trial court's refusal to apply section 654 and its decision to impose a consecutive sentence.[4]

*People v. Correa* (2012) 54 Cal.4th 331, reached a similar result. There, the defendant possessed seven firearms in a single weapons cache. He was convicted of

---

[4]    The trial court gave no reasons for imposing a consecutive sentence on the ammunition possession count. When the trial court denied Pinkham's request to sentence his convictions for transporting methamphetamine and possession of heroin while armed with a firearm as second, as opposed to third strikes, the trial court surmised it could only speculate why Pinkham had been armed because there was no evidence he was on his way "to commit another crime like a robbery or anything like that, . . ."

Pinkham contends this statement applies to the sentence on the ammunition possession as well, meaning the trial court found no evidence he intended to commit other crimes. We do not read the trial court's statement so broadly. One need not be on the way to commit another crime to intend possessing additional ammunition for future criminality.

seven counts of violating possession of a firearm by a felon. He was sentenced consecutively on the seven counts. The Supreme Court held the consecutive sentences for each firearm possession were not barred under section 654 because "a felon who possesses several firearms is more culpable than one who possesses a single weapon." (*Id.* at p. 342.) Otherwise, after acquiring one firearm, a felon could acquire an unlimited number of guns with impunity if they were stashed in one place. (*Id.* at pp. 342-343.)

The *Correa* rationale applies with equal force here. A defendant who possesses a separate set of ammunition to load the gun multiple times is more culpable than one who possesses ammunition already loaded into the gun. The obvious difference is the greater potential for additional damage the separately kept ammunition could inflict, if loaded and used later. We conclude section 654 is not a bar to an imposition of sentence on the ammunition possession conviction.

3. *The Consecutive Sentence for Firearm Possession by a Felon Should Have Been Stayed*

Pinkham contends, and respondent concedes, the consecutive sentence imposed on count 4 (possession of a firearm by a felon) should have been stayed since the same act was used for punishment on count 6 (possession of a controlled substance while armed with a firearm). (*People v. Jones* (2012) 54 Cal.4th 350, 357.) We agree. Therefore, we reverse as to the sentence on count 4 (possession of a firearm by a felon) and remand for resentencing so the trial court may exercise its discretion to reconsider the entire sentencing scheme, principally the decision on the appropriate sentence to be imposed on count 5. (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1258.)

4. *Other Errors in the Judgment Are Left to the Trial Court on Remand*

When the trial court pronounced the judgment, it incorrectly stated Pinkham was sentenced to 123 years, plus 50 years to life, an error Pinkham asks us to correct. Respondent contends we should correct the abstract of judgment because it omits certain fines the court did impose – criminal conviction assessments (Gov. Code, § 70373,

7

subd. (a)(1)), court operations assessments (Pen. Code, § 1465.8, subd. (a)(1)), drug program fees (Health & Saf. Code, § 11372.7, subd. (a)) – and two that it failed to properly calculate – the penalty assessments under Penal Code section 1464, subdivision (a)(1)) and Government Code section 76000, subdivision (a)(1).

Because we send this matter back for resentencing, we leave it to the trial court to impose the correct penalties, assessments, and fines on remand.

## DISPOSITION

The judgment is reversed on the consecutive sentence imposed for Pinkham's conviction on count 4 (possession of a firearm by a felon). The matter is remanded to the trial court for resentencing so that it may exercise its discretion on the appropriate sentence on count 5, as well as consideration of the proper fees, fines, penalties, or assessments.


OHTA, J.[*]

WE CONCUR:


FLIER, ACTING P. J.


GRIMES, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.