Filed 9/1/16  P. v. Valenzuela CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDGARDO VALENZUELA,<br><br>    Defendant and Appellant. | B269502<br><br>(Los Angeles County<br>Super. Ct. No. PA084505) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Monica Bachner, Judge.  Affirmed.

Sally Patrone Brajevich, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Roberta L. Davis, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Edgardo Valenzuela (defendant) entered a plea to being an accessory after the fact (Pen. Code, § 32)[1] and to being a felon in possession of a firearm (§ 29800, subd. (a)(1)). The trial court sentenced him to consecutive sentences for each crime. On appeal, defendant argues that the court was obligated by section 654 to stay his felon-in-possession sentence. We disagree, and affirm.

## FACTS AND PROCEDURAL BACKGROUND

Defendant has a twin brother, and the People charged defendant's twin with murder (§ 187, subd. (a)), several counts of second degree robbery (§ 211), several counts of assault with a semiautomatic weapon (§ 245, subd. (b)), and several counts of being a felon in possession of a firearm and ammunition (§§ 29800, subd. (a)(1) & 30305, subd. (a)(1)). The People charged defendant with being a felon in possession of a firearm and with being an accessory after the fact. The charges against defendant are based on (1) a witness's statement to police that she saw defendant hand his brother a "shiny" object prior to the shooting, and that the gun the brother used to kill his murder victim was "shiny," and (2) defendant's admission that his brother handed him a "strap" after shooting the murder victim, told him it was "hot," and told defendant to get out of the area.

Prior to any preliminary hearing, defendant entered an "open plea" to both counts with no assurance of any particular sentence from the trial court.[2] He also admitted that he was previously convicted of grand theft. (§ 487, subd. (d)(1).)

The trial court sentenced defendant to prison for three years and eight months—comprised of three years on the accessory count and a consecutive, eight-month sentence

---

1 All further statutory references are to the Penal Code unless otherwise indicated.

2 Because this was an "open plea" with no promised sentence, defendant was not required to obtain a certificate for probable cause under section 1237.5. (See *People v. Buttram* (2003) 30 Cal.4th 773, 783-785.)

(one-third the two-year, middle term) on the felon-in-possession count.[3] Defendant urged the court to stay the sentence on the felon-in-possession count because he possessed and disposed of the gun with the same intent, but the court rejected his argument, finding that "defendant entertained several objectives . . . one being [an] accessory, and another one being in possession of a weapon."

Defendant filed a timely appeal.

## DISCUSSION

Defendant argues that the trial court erred in declining to stay his sentence for being a felon in possession of a firearm under section 654 because (1) a court imposing sentence is limited to considering only those facts a defendant specifically admits during his plea colloquy, and defendant only admitted to holding the gun *after* the shooting, and (2) defendant had only one intent when he possessed the gun and acted as an accessory after the fact—namely, to get rid of the gun. Neither premise of defendant's argument is valid.

To begin, a trial court in imposing sentence is not limited only to the facts a defendant admits during his plea colloquy and may instead consider any facts set forth in the probation report, including the details of the crime itself. (*People v. Otto* (2001) 26 Cal.4th 200, 212-213 ["courts routinely rely upon hearsay statements contained in probation reports to make factual findings concerning the details of the crime"]; *People v. Tran* (2015) 242 Cal.App.4th 877, 888, fn. 5 ["[t]he court may also consider and rely upon hearsay statements contained in a probation report, including the police reports used to prepare the crime summaries contained in the report"]; see also *People v. Stevens* (2015) 62 Cal.4th 325, 335 ["a probation report is required and must be read and considered by the sentencing judge"].) Looking to the probation report does not offend a defendant's right to confrontation because that right does not apply in noncapital sentencing hearings. (E.g., *People v. Arbuckle* (1978) 22 Cal.3d 749, 754; *People v. Cain*

---

[3] The court also imposed an additional 16 months of prison time when defendant admitted to violating his probation in a different case, but that case is not before us now.

3

(2000) 82 Cal.App.4th 81, 86-87.) It also does not offend due process, which imposes a baseline requirement that the evidence relied upon by a court at sentencing not be so unreliable as to be unfair. (*People v. Cordova* (2016) 248 Cal.App.4th 543, 589; *People v. Lamb* (1999) 76 Cal.App.4th 664, 683.) Probation reports are, by their very nature, considered "inherently reliable" and their consideration by a court consequently complies with due process. (*Cain*, at pp. 87-88, citing *Arbuckle*, at p. 755.)

Defendant attacks this well-settled precept, contending that it is inconsistent with *People v. Reed* (1996) 13 Cal.4th 217 (*Reed*) and *People v. Holmes* (2004) 32 Cal.4th 432 (*Holmes*). We disagree. *Reed* addressed whether a court could consider statements in a probation report from a prior case in deciding whether the defendant had carried a weapon during the commission of the crime in the prior case. (*Reed*, at pp. 220, 230.) The purpose of the court's inquiry, however, was to determine whether the prior offense was a "serious" felony that would subject the defendant to an enhanced sentence. (*Ibid.*) It is well settled that due process requires a higher level of proof in such circumstances (*Apprendi v. New Jersey* (2000) 530 U.S. 466), and not in cases where, as here, the court is sentencing within the already existing statutory maximum (*People v. Towne* (2008) 44 Cal.4th 63, 83-89). *Holmes* held that a court accepting a plea must ground the factual basis of that plea to a specific document (*Holmes*, at p. 436); it did not speak to sentencing at all.

What is more, the defendant in this case stipulated that the factual basis for his plea was based on the "police reports." Because the statements in the probation report ostensibly came from the police report (see, e.g., Cal. Rules of Court, rule 4.411.5(a)(7)(A)), defendant's stipulation to the police reports as the basis for his plea amounts to a stipulation to the same facts contained in the probation report. Nor did defendant ever object to the content of the probation report, even though he knew of its content prior to sentencing. (See Evid. Code, § 353 [requiring an objection to evidence].) Consequently, the trial court properly considered all of the facts set forth in the probation report.

4

When all of the facts in the probation report are considered, the trial court properly complied with section 654. Section 654 provides that a court may not punish a defendant for the same "act or omission" more than once, even if it is the basis for multiple convictions. (§ 654, subd. (a).) Section 654 also applies when the defendant engages in multiple acts that are part of a single course of conduct; in such cases, section 654's ban on multiple punishments turns on """"the intent and objective of the"""" defendant: """"If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one."""" (*People v. Capistrano* (2014) 59 Cal.4th 830, 885-886, quoting *People v. Rodriguez* (2009) 47 Cal.4th 501, 507.) However, if the defendant while committing the various acts simultaneously has independent objectives that are "not merely incidental to each other," section 654's ban does not apply and he may be separately punished for each offense. (*People v. Blake* (1998) 68 Cal.App.4th 509, 512; *People v. Rodriguez* (2015) 235 Cal.App.4th 1000, 1007.) We review a trial court's factual finding regarding whether the defendant harbored multiple, independent objectives for substantial evidence. (*People v. Buchanan* (2016) 248 Cal.App.4th 603, 611.)

In this case, substantial evidence supports the trial court's finding that defendant harbored multiple intents when he possessed the gun and when he acted as an accessory after the fact. Defendant possessed the gun both before and after the shooting, and thus his being a felon in possession is independent of, and not incidental to, his disposal of the gun after the shooting.

Defendant raises two objections. First, he argues that *People v. Rojas* (1992) 11 Cal.App.4th 950 (*Rojas*), *People v. Ridley* (1965) 63 Cal.2d 671 (*Ridley*), and *People v. Bauer* (1969) 1 Cal.3d 368 (*Bauer*) dictate a different result. We disagree. In *Rojas*, the court held that section 654 applied when a defendant's act in carrying away guns from the scene of a murder constituted both robbery and being an accessory after the fact. (*Rojas*, at pp. 953-955, 959-960.) In *Ridley*, the court held that section 654 applied when a defendant's act in using a gun to commit a robbery resulted in convictions of both robbery and assault with a deadly weapon. (*Ridley*, at pp. 673, 677.) Here, defendant's

5

possession of the gun prior to the shooting and his possession after the shooting to dispose of the gun (and be an accessory after the fact) are temporally distinct.  In *Bauer*, the court held that section 654 applied when the defendant was charged with separate counts of robbery for taking various items from his victim.  (*Bauer*, at pp. 376-377.)  *Bauer* is factually inapt.

Second, defendant asserts that the People may not look to his possession prior to the shooting because they did not charge him with aiding and abetting the murder itself.  Again, we disagree.  The People's decision not to charge a more complex murder offense and thereby commit itself to proving that offense beyond a reasonable doubt does not in any way call into question a trial court's ability to consider whether the People proved, by a preponderance of the evidence, that defendant engaged in the act of possessing the gun prior to the murder.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
                                                    HOFFSTADT

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
CHAVEZ

6