Filed 3/10/26  P. v. Banks CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085817 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE427423) |
| KEIJAVARA BANKS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Patricia K. Cookson, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene Sevidal, Assistant Attorney General, Stephanie Chow and Elana Miller, Deputy Attorneys General, for Plaintiff and Respondent.

Keijavara Banks appeals from a judgment in which the jury found him guilty of robbery in violation of Penal Code,[1] section 211 (count 2) and false imprisonment in violation of sections 236 and 237, subdivision (a) (count 4), among other charges.  The trial court sentenced Banks to five years on count 2 and a consecutive eight months on count 4.  Banks contends that the trial court should have stayed the sentence for either count 2 or count 4 because, although he was convicted of two different offenses, his conduct that led to the convictions allegedly constituted a single indivisible course of conduct within the meaning of section 654, subdivision (a).  We disagree with his contention and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Charges*

In addition to counts 2 and 4, the People charged Banks with corporal injury upon a spouse or cohabitant as a repeat domestic violence offender (§ 273.5, subds. (a) & (f)(1); count 1); attempting to dissuade a witness from reporting a crime (§ 136.1, subd. (b)(1); count 3); child endangerment (§ 273a, subd. (b); count 5); resisting an officer during the performance of their duties (§ 148, subd. (a)(1); count 6); and battery of a spouse or a person with whom a defendant is cohabitating (§ 243, subd. (e)(1)).  The People further alleged that Banks was previously convicted of two felony offenses (§ 1203, subd. (e)(4)) involving corporal injury to a spouse or cohabitant (§ 273.5, subd. (a)).

---

[1]    All further statutory references are to the Penal Code.

B.     *Evidence at Trial*

Banks is the father of three of Francesa R.'s children.  In August 2024, Banks demanded Francesca R.'s cell phone and stated that if she did not turn it over, he would "kill" her.  Francesca R. put the cell phone in her bra and began to wrestle with Banks to prevent him from taking the phone.

Although she later denied calling 911 intentionally, she said she may have done so inadvertently during the struggle.  Neighbors, Mikayla D. and Tina B., heard the commotion, went to Francesca R.'s apartment, and, through the open front door, saw Banks on top of Francesca R. at the bottom of the staircase.  Banks was slapping and hitting her while she screamed for help and tried unsuccessfully to push him off her.  Mikayla D. and Tina B. also saw Banks strangle Francesca R. with a cell phone cord.  During the trial, Francesca R. testified that she voluntarily relinquished the phone to Banks during the struggle because she had insurance for it.

C.     *The Verdicts*

A jury found Banks guilty of counts 2 , 4, 5, and 6, and not guilty of count 3.  As to count 1, the jury found Banks guilty of the lesser included offense of domestic battery (§ 243, subd. (e)(1)).

D.     *The Sentencing*

At sentencing, the trial court imposed consecutive terms of five years on count 2 and eight months on count 4.

## DISCUSSION

Banks contends that the trial court erred in imposing consecutive sentences on counts 2 and 4 because the false imprisonment occurred while

3

the robbery was still in progress; therefore, he contends that the court should have stayed the sentences for either counts 2 or 4.[2] We disagree.

A. *Guiding Principles*

Effective January 1, 2022, amended section 654, subdivision (a) provides in part: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision."

As our Supreme Court has explained: "Section 654 does not preclude multiple convictions but only multiple punishments for a single act or indivisible course of conduct. [Citation.] 'The proscription against double punishment . . . is applicable where there is a course of conduct which violates more than one statute and comprises an indivisible transaction punishable under more than one statute . . . . The divisibility of a course of conduct depends upon the intent and objective of the actor.' " (*People v. Miller* (1977) 18 Cal.3d 873, 885 (*Miller*).) " '[I]f all the offenses are incident to one objective, [then] the defendant may be punished for any one of them but not for more than one.' " (*Ibid.*)

"[S]o long as some substantial evidence to support the implied finding exists, there can be no reversal." (See *People v. Cohen* (1951) 107 Cal.App.2d 334, 341.) Where, as here, the court made no express findings on the issue, a finding that the crimes were divisible is implicit in the judgment and must be

---

[2]     Although no objection was made in the lower court, no objection was required in order to appeal the section 654 ruling. (*People v. Hester* (2000) 22 Cal.4th 290, 295.)

4

upheld if supported by substantial evidence. (*People v. Blake* (1998) 68 Cal.App.4th 509, 512.)

B. *Analysis*

Here, substantial evidence supports the trial court's implicit finding that the robbery and false imprisonment were divisible offenses. (See *Miller, supra*, 18 Cal.3d at p. 885.) Francesca R. did not comply with Banks's demand for her phone, but the evidence showed that Banks escalated his use of force far beyond what was necessary to accomplish the taking. After wrestling with her over the phone, Banks threatened to kill Francesca R., pinned her to the stairs, hit her, and strangled her with a phone cord. This conduct did nothing to further the taking of the phone, and it was unnecessary to overcome any resistance.

Banks relies on *People v. Williams* (2017) 7 Cal.App.5th 644 in support of his argument that his sentence must be stayed under section 654 because the force used to restrain Francesca R. was the same force used to commit the robbery. That reliance is incorrect. In *Williams*, the defendants forced store employees into a back room of the store, where the stolen merchandise was stored, as part of the robbery. The court held that the false imprisonment of the employees was incidental to and inseparable from the robbery because the movement of the employees to the back room was necessary to accomplish the robbery. (*Williams,* at p. 695.)

By contrast, the record here contained at least some evidence that Banks's physical aggressions were not merely incidental. There were inconsistent accounts regarding when Banks obtained possession of the phone and when the assault ended. Mikayla D. stated that Banks only left after the cell phone and phone cord were retrieved, but she also indicated Banks left once he knew the witnesses were calling 911, suggesting his

5

departure may have been prompted by the call to 911 rather than by completion of the phone robbery. Tina B. reported that Francesa R. was repeatedly yelling and screaming, "Give me my phone" while simultaneously being strangled by Banks indicating she no longer had possession of the cell phone and further supporting the inference that Banks already had possession while the assault continued. The foregoing testimony and inferences support the trial court's implied finding the conclusion that Banks had an objective of battering Francesa R., in addition to his objective of taking the phone. (See, e.g., *People v. Coleman* (1989) 48 Cal.3d 112, 162 [after robbery was essentially complete, defendant stabbed the victim to prevent her from sounding the alarm].)

In addition, substantial evidence supports a finding that Banks's continued assault on Francesca R. constituted gratuitous violence. "[G]ratuitous violence against a helpless and unresisting victim . . . has traditionally been viewed as not 'incidental' to robbery for purposes of . . . section 654." (*People v. Nguyen* (1988) 204 Cal.App.3d 181, 190.) As the court noted in *Nguyen*, section 654 "should not, be stretched to cover gratuitous violence or other criminal acts far beyond those reasonably necessary to accomplish the original offense. Once robbers have neutralized any potential resistance by the victims, an assault or attempt to murder to facilitate a safe escape, evade prosecution, or for no reason at all, may be found by the trier of fact to have been done for an independent reason." (*Nguyen,* at p. 191.) In *Nguyen*, while Nguyen remained at the store's till, his crime partner took the victim into a back room, relieved him of his valuables, and then forced him to lie on the floor. Only then did Nguyen's accomplice shoot him. (*Id.* at p. 190.) The court concluded that shooting the clerk was not "necessary or useful in effectuating the robbery . . . ." (*Ibid.*)

6

Similarly, Banks had used his body weight to pin Francesa R. on her back at the bottom of the stairs, placing her in a particularly vulnerable state and significantly restricting her movements. Although Francesca R. testified that she attempted to push Banks off, her efforts were only protective efforts to ward him off and did not justify Banks escalating the force and choking her with the phone cord. The gratuitous battery of a helpless victim did nothing further to the robbery of the phone.

In short, because substantial evidence supports the trial court's implicit finding that Banks's continued violence against Francesca R. after taking her phone was gratuitous and reflected a separate criminal objective, the court did not err in imposing consecutive sentences on counts 2 and 4. Accordingly, we reject Banks's request that we remand the case for the court to make explicit findings in support of the consecutive sentence imposed.

## DISPOSITION

The judgment is affirmed.


KELETY, J.

WE CONCUR:


BUCHANAN, Acting P. J.


RUBIN, J.

7