Filed 11/15/22 P. v. Clevenger CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SUSAN DIANE CLEVENGER,<br><br>    Defendant and Appellant. | F082713<br><br>(Super. Ct. No. SC081856B)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County. Michael G. Bush, Judge.

Sharon G. Wrubel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Galen N. Farris, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

Petitioner Susan Diane Clevenger petitioned the superior court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on her conviction for the murder of Bradley St. Clair (§ 187, subd. (a); count 1). The superior court granted the petition, redesignated the offense on count 1 as kidnapping, and resentenced petitioner on that count.

On appeal, petitioner argues: (1) the superior court failed to recognize it had discretion to resentence petitioner on her convictions for kidnapping for ransom (§ 209, subd. (a); count 2) and conspiracy to commit kidnapping for ransom (§ 182, subd. (a)(1); count 3); (2) sentences of life without the possibility of parole on these counts constituted an abuse of discretion and counsel was ineffective in failing to argue for lesser sentences; (3) sentences on two of the three counts must be stayed pursuant to section 654; (4) the court's failure to order a current or supplemental probation report constituted statutory error and violated petitioner's due process rights; (5) a victim restitution award in the amount of $171,309.82 constituted an abuse of discretion and must be stricken; and (6) the court's calculation of petitioner's custody credits was erroneous.

We agree with petitioner that the superior court did not appear to understand the scope of its discretionary resentencing authority and failed to afford petitioner a full opportunity for resentencing. Based on the foregoing, we will vacate the sentence and remand for resentencing on all counts. On remand, the court must order the timely preparation of a current or supplemental probation report, conduct such further proceedings regarding victim restitution as may be necessary, stay the sentence on two of the three counts pursuant to section 654, and recalculate petitioner's custody credits.

---

[1] Undesignated statutory references are to the Penal Code. Former section 1170.95 recently was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the current section 1172.6 in this opinion.

Petitioner's remaining contentions are rendered moot in light of this disposition. In all other respects, we affirm.

## PROCEDURAL HISTORY[2]

In 2001, petitioner was charged with the first degree murder of St. Clair (§ 187, subd. (a); count 1), with kidnapping-for-ransom and burglary special circumstances (§ 190.2, subd. (a)(17)(B), (G)); kidnapping for ransom of St. Clair resulting in death (§ 209, subd. (a); count 2); and conspiracy to commit kidnapping for ransom (§ 182, subd. (a)(1); count 3). A jury found petitioner guilty on all counts and found true the kidnapping-for-ransom special circumstance. However, the jury found the burglary special circumstance not true. The trial court sentenced petitioner to three concurrent terms of life without the possibility of parole. She was ordered to pay victim restitution in the amounts of $2,935 to St. Clair's wife and $7,286.40 to St. Clair's mother. (§ 1202.4, subd. (f).) On appeal, we affirmed. (*People v. Clevenger* (Dec. 5, 2003, F039853) [nonpub. opn.].)

In 2016, petitioner filed in this court a petition for writ of habeas corpus, seeking vacatur of the kidnapping-for-ransom special circumstance, reversal of the first degree murder conviction, and reconsideration of her sentence. (*In re Clevenger* (Jan. 15, 2019, F073991) [nonpub. opn.].) We held the evidence was insufficient to establish petitioner acted with reckless indifference to human life under the standard articulated in *People v. Clark* (2016) 63 Cal.4th 522 and *People v. Banks* (2015) 61 Cal.4th 788 and, on that basis, we granted the petition for writ of habeas corpus in part and vacated the jury's true finding on the kidnapping-for-ransom special circumstance. (*In re Clevenger*, F073991.) However, we concluded petitioner was not entitled to reversal of her murder conviction, and we declined to remand for reconsideration of the overall sentence. Instead, we

---

[2] We dispense with a statement of facts, as the facts underlying the offenses are not pertinent to the issues raised on appeal.

3.

remanded with directions for the trial court to resentence petitioner only as to the murder count. As to the remaining offenses, this court noted petitioner would be entitled to a full resentencing if she brought, and the court granted, a petition under former section 1170.95 (now renumbered § 1172.6). (*In re Clevenger*, F073991.)

Prior to issuance of the remittitur in *In re Clevenger*, *supra*, F073991, petitioner filed in the superior court a petition pursuant to section 1172.6, alleging she was entitled to resentencing because she was convicted of murder pursuant to the felony-murder rule or the natural and probable consequences doctrine.

While briefing on petitioner's section 1172.6 petition was ongoing, our remittitur issued in *In re Clevenger*, *supra*, F073991. On remand following that petition, the superior court resentenced petitioner on count 1 to a term of 25 years to life, concurrent to her sentences on counts 2 and 3. A new abstract of judgment was filed, which included the new sentence and the previously ordered sentences on counts 2 and 3 and the previously ordered victim restitution.

Thereafter, proceedings on the section 1172.6 petition continued. The People ultimately agreed that petitioner was entitled to resentencing on count 1 based on this court's determination that petitioner did not act with reckless indifference to human life. (See *In re Clevenger*, *supra*, F073991; see also § 1172.6, subd. (d)(2)). The People requested "a full resentencing hearing."

The matter came on for hearing on March 25, 2021.[3] The superior court stated its understanding that "this petition only attacks [c]ount 1." The People agreed petitioner

_____

[3] On the same date, the Kern County Probation Department filed a letter, stating the letter was prepared in response to a March 18, 2021 court order "to provide a sentencing recommendation as to a newly alleged and admitted violation of . . . [s]ection 207[, subdivision ](a)." The letter included an incorrect calculation of custody credits in the amount of 4,609 days credit for time served from August 12, 2000, through March 25, 2021. The letter also included good time and work credits in the amount of 79 days, for total credits of 4,688 days. The letter contained sentencing recommendations for all counts, and included $2,935 in restitution owing to St. Clair's wife.

4.

should be "resentenced only as to [c]ount 1." Petitioner's counsel objected to petitioner not being resentenced on the other charges. The court stated, "Your objection is noted but overruled." The court then stated, "Because we're going to do a resentencing, we start from scratch." The court invited the victim's family members to make a statement and three of them did so. The court then proceeded to resentencing stating, "As a practical matter, [petitioner] will still be receiving life without the possibility of parole, but we have to resentence her."

The superior court again sentenced petitioner on counts 2 and 3 to concurrent terms of life without the possibility of parole. The court redesignated count 1 as kidnapping (§ 207, subd. (a)), and sentenced petitioner on that count to the upper term of eight years, to be served concurrent with count 2. The court determined petitioner was entitled to custody credits only as to count 1, for 4,609 days actual credit and 79 days good time and work credit, for a total of 4,688 days, but also stated the Department of Corrections and Rehabilitation "is required to determine the credits on that of the actual time." The court noted that count 1 was deemed served. Finally, based on "the initial victim impact statement filed 20 years ago," the court determined restitution in the amount of $171,309.82 was owed to St. Clair Investments, in addition to the $2,935 owed to St. Clair's wife. The court noted, however, that the restitution award was without prejudice to either side requesting a hearing "to correct that." Petitioner's counsel asked the court whether it had a copy of the restitution amount originally ordered, and the court stated it was proceeding based on the original probation report from 2002.

The superior court issued amended abstracts of judgment, which included the restitution awards and custody credits as stated on the record.

5.

## DISCUSSION

### I.  Remand for Resentencing is Required

Petitioner contends the matter must be remanded for resentencing because it appears the superior court did not understand it had discretion to resentence petitioner on counts 2 and 3.  The People concede the court did not appear to understand the scope of its sentencing discretion and remand is therefore warranted.  We accept the People's concession and will remand for resentencing.

#### A.  Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see § 189, subd. (e); accord, *People v. Gentile* (2020) 10 Cal.5th 830, 842.)  Senate Bill No. 1437 also added former section 1170.95, now renumbered as section 1172.6, which provides a procedure for persons convicted of felony murder to seek vacatur of the conviction and resentencing. (§ 1172.6, subd. (a); accord, *Gentile*, at p. 853.)

Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief.  (§ 1172.6, subds. (a)-(c).)  If the sentencing court determines the petitioner has made such a showing, the court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction.  (§ 1172.6, subds. (c), (d)(1).)  "If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court *shall* vacate the petitioner's [murder] conviction and resentence the petitioner." (§ 1172.6, subd. (d)(2), italics added.)  In such circumstances, the "petitioner's [murder] conviction shall be redesignated as the target

6.

offense or underlying felony for resentencing purposes." (§ 1172.6, subd. (e).) Additionally, in such circumstances, the court must "recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced . . . ." (§ 1172.6, subd. (d)(1); accord, § 1172.6, subd. (d)(3).)

## B.    Analysis

Here, it is now undisputed that petitioner was entitled to recall of her murder conviction and resentencing on all counts pursuant to section 1172.6, subdivision (d)(1) and (2). However, the superior court limited the scope of the resentencing proceedings to resentencing on count 1. Although the court stated it would "start from scratch" with regard to the sentence, the prosecutor argued petitioner was entitled to resentencing only as to count 1, and the court agreed. When petitioner's counsel objected and argued for resentencing on "the whole case," the court overruled the objection. Additionally, the letter provided by the probation department represented that the court requested a sentencing recommendation only as to the newly designated kidnapping offense on count 1. Based on the foregoing, it appears the court was unaware of the scope of its resentencing discretion and therefore did not exercise informed discretion with respect to the entire sentence. (See *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) We agree with petitioner and the People that the proper remedy is to vacate the sentence and remand for a full resentencing on all counts.[4] (See *People v. Hubbard* (2018) 27 Cal.App.5th 9, 13 [remanding for full resentencing on all counts when resentencing court erroneously concluded it lacked jurisdiction to resentence the defendant on counts other than the recalled count].)

---

[4] In light of this disposition, we do not address petitioner's argument that the sentences on counts 2 and 3 constitute an abuse of discretion, or her argument that counsel was constitutionally ineffective in failing to argue for lesser sentences.

As the parties note, the statutorily proscribed sentence for the offenses on counts 2 and 3 is life without the possibility of parole.  (§§ 182, subd. (a)(1), 209, subd. (a).)  However, on remand, the court has discretion, pursuant to subdivision (a) of section 1385, to strike the factual allegation that the kidnapping at issue resulted in death.  (*People v. Marsh* (1984) 36 Cal.3d 134, 143-144.)  A favorable exercise of the court's discretion in this regard would result in a lesser sentence.  (See *id.* at p. 144; see also § 209, subd. (a).)  Petitioner may make such arguments on remand.  We take no position regarding how the court should exercise its discretion.

## II.    Section 654

Petitioner argues, and the People concede, sentence on two of petitioner's three convictions must be stayed pursuant to section 654.  We agree.

At the time of petitioner's original sentencing and the resentencing hearing, section 654 provided: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."  (§ 654, former subd. (a).)  The statute "expressly prohibits separate punishment for two crimes based on the same act, but has been interpreted to also preclude multiple punishment for two or more crimes occurring within the same course of conduct pursuant to a single intent."  (*People v. Vargas* (2014) 59 Cal.4th 635, 642; accord, *People v. Harrison* (1989) 48 Cal.3d 321, 335.)  Thus, "[i]f all of the offenses are incident to one objective, the court may punish the defendant for any one of the offenses, but not more than one."  (*People v. Cleveland* (2001) 87 Cal.App.4th 263, 267.)  Pursuant to these principles, section 654 bars multiple punishment for a conspiracy and the substantive offense which was its object.  (*People v. Briones* (2008) 167 Cal.App.4th 524, 529; *People v. Ramirez* (1987) 189 Cal.App.3d 603, 615.)

Here, the conspiracy to commit kidnapping for ransom alleged in count 3 and the kidnapping for ransom alleged in count 2 had the same objective, namely the kidnapping of St. Clair for ransom. Moreover, the kidnapping alleged in the newly redesignated count 1 is the same kidnapping alleged in count 2. Thus, the three offenses arose from the same criminal objective, the kidnapping of St. Clair for ransom, and petitioner could be punished "for any one of the offenses, but not more than one." (*People v. Cleveland*, *supra*, 87 Cal.App.4th at p. 267.)

Furthermore, Assembly Bill No. 518 (2021-2022 Reg. Sess.), statutes 2021, chapter 441 (Assembly Bill No. 518), amended section 654 effective January 1, 2022, to provide, in relevant part: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) Thus, a trial court is no longer required to punish a defendant pursuant to the provision that provides for the longest possible sentence, but may punish a defendant pursuant to any one of the applicable offenses. The People concede Assembly Bill No. 518 will apply to petitioner's resentencing on remand.

Accordingly, on remand, the court shall punish petitioner under any one, but only one, of the three offenses. Sentence on the remaining counts must be stayed pursuant to section 654 as amended by Assembly Bill No. 518.

III.    **The Probation Report**

Petitioner argues her statutory and due process rights were violated by the court's failure to request a current or supplemental probation report, and by the probation department's letter, which was not timely provided to her. Because we have determined we must remand for resentencing, this argument is moot.

Nevertheless, as the People concede, petitioner is entitled on remand to the preparation of a current or supplemental probation report prior to resentencing, which

must be timely provided to petitioner's counsel. (§ 1203, subd. (b)(1), (2)(E); Cal. Rules of Court, rule 4.411(a)(1)-(2).)

## IV.    Victim Restitution

Petitioner contends, and the People concede, the court abused its discretion in awarding $171,309.82 in restitution to St. Clair Investments. We accept the People's concession.

"Where, as here, a criminal defendant is convicted and sentenced to state prison, section 1202.4 . . . provides that the defendant must pay restitution directly to the victim for losses incurred 'as a result of the commission of a crime.' [Citations.] 'To the extent possible,' direct victim restitution is to be ordered in an amount 'sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct.' " (*People v. Martinez* (2017) 2 Cal.5th 1093, 1097-1098.) For purposes of restitution, a "victim" includes the "immediate surviving family of the actual victim." (§ 1202.4, subd. (k)(1).) A victim may recover lost wages or profits due to injury incurred by the victim. (§ 1202.4, subd. (f)(3)(D).)

We review the trial court's award of victim restitution for abuse of discretion. (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1542.)

Here, the court awarded victim restitution to St. Clair Investments in the amount of $171,309.82. The court stated it based this award "off of the probation report from 2002." However, the probation report from 2002 did not recommend that this award be ordered. To the contrary, the probation report stated that "[t]he $171,309.82 for lost wages of the deceased, as noted on [St. Clair's wife's] claim, will not be recommended." Moreover, at the 2002 sentencing hearing, the court and counsel agreed that this claim of lost wages was not authorized and would not be included in the restitution order.[5]

---

[5] We grant petitioner's unopposed November 4, 2021 request for judicial notice of the transcripts from her direct appeal, *People v. Clevenger*, F039853.

Furthermore, it does not appear St. Clair Investments sought restitution in this matter. Rather, St. Clair Investments provided a calculation of lost wages in support of the restitution claim of St. Clair's wife. Additionally, because St. Clair Investments was not a "direct victim of a crime," it is not considered a victim for purposes of restitution. (§ 1202.4, subd. (k)(2).)

Based on the foregoing, the restitution award of $171,309.82 to St. Clair Investments is not supported by an adequate and rational factual basis and therefore constitutes an abuse of discretion. (*People v. Gemelli*, *supra*, 161 Cal.App.4th at p. 1542.) On remand for resentencing, the court may conduct such further proceedings regarding restitution as may be necessary.

## V. Custody Credits

Petitioner argues remand is necessary for the court to correct her custody credits. The People agree that, on remand, the court should recalculate petitioner's custody credits to reflect the total days she has spent in custody.

Section 1172.6, subdivision (h) provides: "A person who is resentenced pursuant to this section shall be given credit for time served." Section 2900.1 provides: "Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts."

Here, the court's calculation of custody credits was based on the probation department's letter, which appears to have miscalculated petitioner's time in custody by thousands of days. The award of custody credits was plainly erroneous.

When resentencing petitioner, the court shall calculate petitioner's custody credits to correctly reflect her time in custody.

11.

## **DISPOSITION**

The sentence is vacated and the matter remanded for resentencing on all counts. On remand, the court must order the timely preparation of a current or supplemental probation report, conduct such further proceedings regarding victim restitution as may be necessary, stay the sentence on two of the three counts pursuant to section 654, and recalculate petitioner's custody credits. In all other respects, we affirm.

DETJEN, J.

WE CONCUR:

POOCHIGIAN, Acting P. J.

PEÑA, J.

12.