Filed 4/15/25  P. v. Bustamante CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082668 |
| v. | (Super. Ct. No. INF064492) |
| MIGUEL ADOLFO BUSTAMANTE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Anthony R. Villalobos, Judge.  Affirmed in part and remanded with directions.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

I.

INTRODUCTION

In 2023, a jury convicted defendant and appellant Miguel Adolfo Bustamante of first degree murder with financial gain and lying in wait special circumstance findings (Pen. Code §§ 187, subd. (a), 190.2, subds. (a)(1), (15); count 1),[1] conspiracy (§ 182; count 2), two counts of first degree burglary of the victim's home (§ 459; counts 3 & 9); grand theft (§ 487, subd. (a); count 4), identity theft (§ 530.5, subd. (a); count 7), procurement or offering a false or forged instrument for filing (§ 115; count 8), and receiving stolen property (§ 496, subd. (a); count 10). The jury also found true an aggravated financial crimes allegation (§ 186.11, subd. (a)(3)). The trial court sentenced defendant to life without the possibility of parole for the murder conviction and eight years for the remaining crimes.

Defendant argues, and the People concede, that (1) the second of defendant's first degree burglary convictions (count 9) should be reduced to second degree burglary, (2) his sentence for the conspiracy conviction should be stayed under section 654, and (3) his sentence for the first degree burglary conviction should be stayed under section 654. We agree with the parties.

Defendant next argues that his eight-year sentence is unconstitutional because it is higher than his original sentence, which was vacated after he received habeas relief. We

---

[1] All further statutory references are to the Penal Code.

2

agree with the People that we need not address the issue because we remand the case for resentencing.

Defendant next argues that he is entitled to a new abstract of judgment and updated custody credits. The People agree, as do we.

Finally, defendant asks us to review in camera proceedings in the trial court to ensure that the trial court properly found that the prosecution did not need to disclose certain evidence to the defense. The People do not object.

We modify defendant's first degree burglary conviction to second degree burglary, vacate his sentence, and remand for resentencing with directions. As modified, the judgment is affirmed.

II.

FACTUAL AND PROCEDURAL BACKGROUND[2]

Daniel Garcia and Kaushal Niroula devised an elaborate scheme to murder the victim, Clifford Lambert, and fraudulently appropriate his assets. Defendant and Craig McCarthy helped in killing Lambert and disposing of his body. David Replogle and Russell Manning assisted in stealing Lambert's assets after his murder.

Lambert was an elderly, wealthy, gay man who lived in Palm Springs. He met Garcia online and invited him to Palm Springs. While at Lambert's house, Garcia

---

[2] We provide only a brief recitation of the facts given the limited and generally uncontested issues on appeal. A complete recitation of the facts can be found in this court's prior opinion. (*People v. Replogle* (Feb. 12, 2014, E053711) [nonpub. opn.].)

surreptitiously used Lambert's credit card to upgrade his flight home. This upset Lambert, so he cut off contact with Garcia.

Niroula, posing as an attorney, contacted Lambert and told him he was the beneficiary of a large inheritance. While Niroula met with Lambert at a restaurant to discuss the alleged inheritance, defendant and McCarthy broke into Lambert's garage, where they were supposed to wait to then kill Lambert when he came home. When Lambert returned, however, defendant and McCarthy could not bring themselves to kill Lambert, so they left.

Niroula, defendant, and McCarthy executed a similar plan the next day. While Niroula met Lambert at his house for drinks, defendant and McCarthy hid in the backyard. Niroula then let defendant and McCarthy inside. McCarthy grabbed Lambert and defendant stabbed Lambert repeatedly until he was dead. McCarthy and defendant wrapped Lambert's body in a blanket, put it in the trunk of his Mercedes, and drove off in the Mercedes.

Niroula, Garica, Replogle, and Manning then concocted and executed a plan to fraudulently designate Manning as Lambert's attorney in fact. After doing so, Manning used the fraudulent power of attorney to withdraw funds from Lambert's accounts. Niroula then asked a real estate agent to draft a transfer title of Lambert's home to himself, but the agent sensed something was off and called the police after learning that Lambert had disappeared without explanation.

About a month after the murder, defendant returned to Lambert's home with a U-Haul truck to take his property. Neighbors called the police and defendant was arrested. Police found a key to Lambert's house in defendant's pocket and several of Lambert's possessions in his motel room.

In 2011, a jury convicted defendant of the same offenses he stands convicted of today. The trial court sentenced him to life without the possibility of parole for the murder and six years for the remaining crimes. We affirmed the judgment in 2014. (*People v. Replogle*, *supra*, E053711.) In 2020, defendant was granted state habeas relief. After retrial, defendant was re-convicted of the same offenses as in his first trial. The trial court again sentenced him to life without the possibility of parole for the murder, but this time sentenced him to eight years for the remaining crimes.

III.

DISCUSSION

A. *First Degree Burglary Conviction (Count 9)*

Defendant argues, and the People concede, that his second first degree burglary conviction (count 9) should be reduced to second degree burglary because it was based on his burglary of Lambert's home about a month after his murder. We agree. Because Lambert was dead, the house was not occupied when the items were taken, so defendant could not be convicted of first degree burglary. (See *People v. Ramos* (1997) 52 Cal.App.4th 300.) We, therefore, reduce defendant's conviction in count 9 for first degree burglary to second degree burglary. (See *id*. at p. 303.)

5

B. *Conspiracy Sentence*

Defendant argues that his consecutive eight-month sentence for the conspiracy conviction should have been stayed under section 654. The People concede the error and we agree.

Defendant was charged and convicted of murder and various other crimes associated with taking Lambert's assets after his murder. He was also charged and convicted of conspiracy, which was based on his agreement on a plan to murder Lambert and take his assets.

In other words, defendant was convicted of the substantive crimes that were the target offenses of the conspiracy. Under section 654, defendant could not be sentenced for conspiracy to commit the offense and the offense itself. (See *People v. Ramirez* (1987) 189 Cal.App.3d 603, 615.) His sentence for conspiracy therefore should have been stayed under section 654. (See *People v. Briones* (2008) 167 Cal.App.4th 524, 529.)

C. *Burglary (Count 3) Sentence*

Defendant argues, and the People concede, that his sentence of one year and four months for burglary (count 3) should have been stayed under section 654. We agree. (See *People v. Islas* (2012) 210 Cal.App.4th 116, 130 ["When a defendant is convicted of burglary and the intended felony underlying the burglary, section 654 prohibits punishment for both crimes."]; *People v. Centers* (1999) 73 Cal.App.4th 84, 98 [same].)

D. *Unconstitutional Sentence*

Defendant was initially sentenced to six years for his non-murder convictions, but was sentenced to eight years for the same offenses after retrial. He argues this higher sentence violates the California Constitution's Double Jeopardy Clause. The People say the argument is "well taken" under *People v. Hanson* (2000) 23 Cal.4th 355 but contend that we need not address it if we remand for resentencing on other grounds. In his reply brief, defendant urges us to decide whether the two-year increase in his sentence after retrial violates the California Constitution's Double Jeopardy Clause so the trial court does not make the same mistake again. We decline to do so because we vacate the sentence on other grounds and remand for sentencing, so it is unnecessary to decide an issue that may not arise again.

E. *Abstract of Judgment*

Defendant argues, and the People concede, that the abstract of judgment incorrectly states that the trial court suspended two $10,000 fines when it struck them. The People argue, however, that we need not resolve this issue because the trial court will issue a new abstract of judgment after resentencing defendant on remand. In his reply brief, defendant nonetheless urges us to rule on the issue so the trial court will not repeat the same mistake. We decline to do so because we vacate the sentence on other grounds and remand for sentencing, so it is unnecessary to decide an issue that may not arise again.

F. *Custody Credits*

Defendant argues, and the People concede, that the trial court incorrectly failed to award him pre-sentence custody credits. Again, we need not address this issue because the trial court will resentence defendant on remand.

G. *In Camera Proceedings*

The trial court held ex parte, in camera hearings on November 25, 2020, and September 9, 2022, without defendant or his counsel present, to determine whether the prosecution had to disclose certain evidence to the defense under section 1054.7. That statute provides that discovery in criminal cases may be "denied, restricted, or deferred" for good cause, with good cause "limited to threats or possible danger to the safety of a victim or witness, possible loss or destruction of evidence, or possible compromise of other investigations by law enforcement." At a party's request, "the court may permit a showing of good cause for the denial or regulation of disclosures, or any portion of that showing, to be made in camera." (§ 1054.7.)

Defendant asks us to review those proceedings and determine whether the trial court abused its discretion in finding that the prosecution did not need to turn over the evidence to the defense. (See *People v. Panah* (2005) 35 Cal.4th 395, 458 [orders under section 1054.7 reviewed for abuse of discretion].) The People do not object.

We have reviewed the transcripts from the in camera hearings and find no abuse of discretion in the trial court's finding of good cause to delay disclosure of the evidence discussed at the hearings. The court reasonably found that disclosure of the evidence

could have put certain witnesses in danger and/or could have compromised other law enforcement investigations.

## IV.

## DISPOSITION

Defendant's conviction for first degree burglary (count 9) is reduced to second degree burglary.  As modified, the judgment of conviction is affirmed.  Defendant's sentence is vacated, and the matter is remanded for a full resentencing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

FIELDS
J.